## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HCC LIFE INSURANCE COMPANY, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| THE GEO GROUP, INC., and GEO CORRECTIONS HOLDINGS, INC. | § § § § | |
| Defendants. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW HCC Life Insurance Company, Inc., complaining of Defendants The GEO Group, Inc. and GEO Corrections Holdings, Inc. and for cause of action would show as follows:

### PARTIES

1. Plaintiff HCC Life Insurance Company, Inc. ("Plaintiff" or "HCC") is an Indiana corporation with its principal place of business in Georgia.

2. Defendant The GEO Group, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business in Boca Raton, Florida. It may be served through its agent for service of process, Corporate Creations Network, Inc., 4265 San Felipe #1100, Houston, Texas 77027.

3. Defendant GEO Corrections Holdings, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business in Boca Raton,

1

Florida. It may be served through its agent for service of process, Corporate Creations Network, Inc., 4265 San Felipe #1100, Houston, Texas 77027.

4. Collectively, defendants The GEO Group, Inc. and GEO Corrections Holdings, Inc. will be referred to as "GEO" or "Defendants."

## JURISDICTION AND VENUE

5. This is an action in which this Court has original jurisdiction because the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

6. This Court has personal jurisdiction over the Defendants named herein because, upon information and belief, Defendants:

    a. have, at all material times, conducted business in the State of Texas;

    b. have contracted with a Texas citizen; and/or

    c. have sufficient minimum contacts with the State of Texas such that the assumption of jurisdiction will not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to HCC's claims occurred in this District.

## NATURE OF CASE

8. HCC is an insurance company. GEO provides and administers correctional facilities. On December 19, 2014, HCC issued a stop-loss health-insurance policy to GEO. A copy of this policy (the "Policy") is attached hereto at Exhibit A. The Policy was issued

based on the plan document governing GEO's employee benefit plan. Exhibit A at p. 1. A copy of the Summary Plan Description (the "Plan") is attached hereto at Exhibit B.

9. The Policy is a reimbursement policy. Pursuant to the Policy, and subject to certain limitations, HCC was required to reimburse GEO for "Covered Expenses"[1] paid in excess of GEO's $250,000 deductible. Exhibit A at p. 8. "Covered Expenses" is defined to mean "Plan Benefits" incurred by a "Covered Person" for which GEO has paid benefits that: (1) were not in excess of "Reasonable and Customary Charges"; (2) were "Medically Necessary"; and (3) were reimbursable under the Policy subject to its terms, limitations and exclusions. Exhibit A at p. 4. "Plan Benefits" is defined to mean benefits to which "Covered Persons" become entitled under the Plan. Exhibit A at p. 6. The Plan has specific provisions detailing what is covered and what is excluded. For instance, Section 1 is titled "What's Covered - Medical Benefits." Exhibit B at p. 8. That section provides as follows:

> Covered Health Services. The Plan pays Benefits for the Covered Health Services described in this section unless they are listed as not covered in the What's Not Covered -- Medical Exclusions section.

Exhibit B at p. 8. Section 2 is titled "What's Not Covered -- Medical Exclusions." Exhibit B at p. 25. That section provides as follows:

**The Plan Will Not Pay Benefits for Exclusions**

This Plan will not pay Benefits for any services, treatments, items or supplies described in this section, even if either, or both, of the following is true:

- It is recommended or prescribed by a Physician.

---

[1] Capitalized terms in quotations herein are defined terms in the Policy or the Plan.

3

- It is the only available treatment for your condition.

Exhibit B at p. 25 (emphasis in original). Among the items listed in this section as being exclusions which are not covered by the Plan is the following:

- Drugs being prescribed for a specific medical condition that are not approved by the Food and Drug Administration for treatment of that condition....
- Any prescription Drug that is not consistent with the diagnosis and treatment of an illness, injury or condition; or is excessive in terms of the scope, duration, dosage or intensity of the drug therapy that is needed to provide safe, adequate, and appropriate care.

Exhibit B at p. 26.

10. Another exclusion is set out in the Plan is as follows:

**Experimental, Investigative and Unproven Services**

"Experimental and Unproven Services" are excluded. The fact that an "Experimental, Investigational or Unproven Service," treatment, device or pharmacological regimen is the only available treatment for a particular condition will not result in "Benefits" if the procedure is considered to be "Experimental, Investigational or Unproven" in the treatment for that particular condition.

Exhibit B at p. 27 (emphasis in original). "Experimental, Investigational or Unproven Services" is defined to include, among other things,

medical, surgical, diagnostic, psychiatric, substance abuse or other health care services, technologies, supplies, treatments, procedures, drug therapies or devices that, at the time Blue Cross Blue Shield [the administrator of the Plan] makes a determination regarding coverage in a particular case, are determined to be any of the following:

o Not approved by the U.S. Food and Drug Administration (FDA) to be lawfully marketed for the use and indentified in the American Hospital Formulary Service or the United States Pharmacopoeia Dispensing Information as appropriate for the proposed use.

4

Exhibit B at p. 80.

11.     The Policy has similar exclusions. Specifically, Article VI Exclusions provides that HCC will not reimburse GEO for "Plan Benefits" paid for any surgery, prescription drugs, device, or procedure which is defined as "Experimental or Investigative" and any complications or other expenses arising therefrom. Exhibit A at p. 12. "Experimental or Investigative" is defined, in relevant part, as follows:

> A drug, device or medical treatment or procedure is Experimental or Investigative:
>
> 1.   if the drug or device cannot be lawfully marketed without approval of the U. S. Food and Drug Administration and approval for marketing has not been given at the time the drug or device is furnished, or
>
> . . . .
>
> 3.   if reliable evidence shows that the consensus among experts regarding the drug, device, or medical treatment or procedure is that further studies or clinical trials are necessary to determine its
>     a.   Maximum tolerated dose, or
>     b.   Toxicity, or
>     c.   Safety, or
>     d.   Efficacy, or
>     e.   Efficacy as compared with the standard means of treatment or diagnosis.

Exhibit A at p. 5. The Policy also makes it clear that any "Plan Benefits" that are "provided by the [Plan] that are specifically excluded by this Policy are not considered 'Covered Expenses.'" Exhibit A at p. 4.

5

12.     Blue Cross Blue Shield of Florida ("Blue Cross") acted as the Third Party Administrator ("TPA") of the Plan. Blue Cross was GEO's agent. It was not HCC's agent. Exhibit A at p. 17.

13.     On or about October 26, 2014, a dependent (the "Patient") of a GEO employee covered by the Plan was admitted to the Huntsville Memorial Hospital with respiratory problems.[2] At the request of the Patient's mother, the Patient was transported to Texas Children's Hospital ("TCH") in Houston, Texas. From the date of his transfer to TCH until the Patient died on January 21, 2015, he received extensive treatments, incurring millions of dollars in charges.

14.     During the Patient's stay at TCH, many of the charges exceeded the "Reasonable and Customary Charges" as defined in the Policy. Moreover, doctors administered several drugs to the Patient in off-label, unreasonable, and experimental/investigative ways. Finally, TCH employed a particular course of treatment, medical device or procedure in an unreasonable and experimental/investigative way. In order to protect the Patient's medical privacy, HCC will not provide further medical details in this public filing. However, HCC did detail its position in a letter to GEO's counsel dated December 16, 2015. HCC hereby incorporates that letter by reference without attaching it hereto.

---

[2] For medical privacy reasons, HCC has opted not to identify the patient or describe his medical treatment in any detail.   HCC and GEO are aware of these details.

15. In short, the expenses for which GEO seeks reimbursement are not "Covered Expenses" because they were in excess of the "Reasonable and Customary Charges" and were not "Plan Benefits" as defined under the Policy and/or the Plan.

16. HCC has already reimbursed GEO in excess of $1.88 million in connection with the Patient's treatment. Moreover, the parties agree that GEO's claim must be reduced for deductibles, for charges incurred outside the policy period, for any applicable or available discounts and for amounts identified for reduction through auditing of the charges presented. However, there remains approximately $2 million in dispute that HCC contends is not covered pursuant to the Plan or the Policy and for which GEO has demanded reimbursement.

## CAUSES OF ACTION

### DECLARATORY JUDGMENT

17. HCC repeats and re-alleges each and every allegation of the paragraphs above with the same force and effect as if fully set forth herein.

18. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual, justiciable controversy between HCC and GEO.

19. HCC seeks a declaration that amounts claimed for reimbursement by GEO in connection with the treatment of the Patient are not Covered Expenses under either the Plan, the Policy, or both and are therefore not reimbursable.

## CONDITIONS PRECEDENT

20. All conditions precedent have been performed, occurred, or been waived.

## PRAYER

WHEREFORE, Plaintiff HCC prays that Defendants be cited to appear and make answers herein, and that after a trial on the merits, the Court enter judgment awarding the following:

(1) actual damages;

(2) declaratory relief set forth above;

(3) reasonable attorneys' fees incurred in the prosecution of this action, as well as fees incurred in all subsequent appellate proceedings;

(4) pre-judgment and post-judgment interest as allowed by law at the maximum legal rate;

(5) costs of court; and

(6) all such other and further relief, both general and special, at equity and at law, to which they may be justly entitled.

Respectfully submitted,

**BECK | REDDEN L.L.P.**

By:   /s/ Thomas E. Ganucheau
      Thomas E. Ganucheau
      State Bar No. 00784104
      Federal I.D. No. 15939

1221 McKinney St., Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

Of Counsel:
Bryon A. Rice
State Bar No. 24065970
S.D. Tex. 1118643
Jim Taylor
State Bar No. 00788512
Federal I.D. No. 20536
Beck Redden, LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

ATTORNEYS FOR PLAINTIFF
HCC LIFE INSURANCE COMPANY, INC.