IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HCC LIFE INSURANCE COMPANY, INC. | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | C.A. NO. 4:16-CV-00587 |
| THE GEO GROUP, INC., and GEO CORRECTIONS HOLDINGS, INC. | | |
| Defendants. | | |

## GEO'S MOTION TO DISMISS OR STAY DECLARATORY ACTION AND MOTION FOR EXTENSION OR STAY OF ANSWER DEADLINE

The GEO Group, Inc and GEO Corrections Holdings, Inc. (collectively, "GEO") move: (i) to dismiss or, alternatively, to stay this declaratory action by HCC Life Insurance Company, Inc. ("HCC") in favor of a parallel lawsuit previously filed in Florida state court but now pending in federal court in the Southern District of Florida ("Motion to Dismiss or Stay"); and (ii) to extend or stay the answer deadline, if any, pending resolution of the Motion to Dismiss or Stay.

## MOTION TO DISMISS OR STAY

1.      Under the first-to-file rule, this declaratory action ("Texas Action") should be dismissed in favor of a lawsuit previously filed in state court but now pending in federal court presently styled *The Geo Group, Inc. v. HCC Life Insurance Company*, Cause No. 9:16-cv-80465, in the United States District Court for the Southern District of Florida ("Florida Lawsuit") in that both cases are pending in federal court, both involve the same parties and the same issues, both seek resolution of the same dispute, and GEO filed the Florida Lawsuit first.

A.  **FACTUAL AND PROCEDURAL BACKGROUND**

   i.  *GEO Files and Serves the Florida Lawsuit First*

2. On March 2, 2016, The GEO Group, Inc. filed its Original Complaint in the Florida Lawsuit ("GEO's Original Complaint") in state court in Palm Beach County, Florida. *See* Florida Lawsuit, DE 1-1 & DE 4-1.[1] *See* Florida Lawsuit, DE 1, at ¶ 2. *See also* Lewis Decl. ¶ 3.[2] GEO subsequently served the Florida Lawsuit on HCC on or before March 10, 2016. *See* Florida Lawsuit, DE 1, at ¶ 2. *See also* Lewis Decl. ¶ 3 & Exh. A-1.

3. HCC filed its own Original Complaint in the Texas Action ("HCC's Original Complaint") on March 7, 2016. [DE 1] HCC subsequently served GEO in the Texas Action on March 11, 2016. [DE 1, 4, 5] Accordingly, GEO both filed and served the Florida Lawsuit before HCC filed and served the Texas Action.

   ii.  *Both the Florida Lawsuit and the Texas Action Are Now Pending in Federal Court and Involve the Same Parties*

4. GEO filed an amended complaint ("GEO's Amended Complaint") adding GEO Correction Holdings, Inc. as a plaintiff in the state court proceeding on March 17, 2016. *See* Florida Lawsuit, DE 5, 5-1, 6, & 6-1.[3] *See* Lewis Decl. ¶ 4. HCC filed a Notice of Removal on March 24, 2016. *See* Florida Lawsuit, DE 1. Accordingly, both the Florida Lawsuit and Texas Action are now pending in federal court and involve the same parties. *See supra* note 3 and accompanying text.

---

[1]  The Exhibits to GEO's Original Complaint in the Florida Lawsuit were separately attached to a Notice of Filing subsequent to HCC's Notice of Removal because HCC failed to attach those Exhibits to its Notice of Removal. *See* Florida Lawsuit, DE 4, at 1.

[2]  A copy of the Declaration of Orin H. Lewis ("Lewis Decl.") is attached as Exhibit A to this motion.

[3]  HCC did not include the Amended Complaint in the original Notice of Removal. *See* Florida Lawsuit, DE 1. GEO subsequently included that document in the papers filed in the federal proceeding. *See* Florida Lawsuit, DE 5 & 5-1. HCC did the same shortly thereafter. *See* Florida Lawsuit, DE 6 & 6-1.

### *iii.* *The Florida Lawsuit and Texas Action Involve the Same Issues*

5. The Florida Lawsuit and Texas Action both concern whether or not HCC breached a "Stop Loss" policy issued by HCC to GEO for the period from November 1, 2014 through October 31, 2015.[4] A copy of the policy, policy number HCL31368 (the "Policy"), is attached to each of the parties' respective complaints as Exhibit A.

6. A Stop Loss insurance policy provides coverage for business entities (such as GEO) with a self-funded health insurance plan (such as the GEO group health plan) to protect the company against catastrophic and unpredictable losses arising from the claims of their covered employees and dependents. As with most self-funded plans, GEO pays the vast majority of most claims in that the claims do not exceed the per Covered Person deductible.

7. The Florida Lawsuit alleges that HCC breached the Policy by failing to reimburse GEO for approximately $2,000,000 of the medical expenses that were incurred to render care for Terrin Lee ("Terrin"), the son of GEO employee Keith Lee.[5] HCC's Original Complaint in the Texas Action seeks a declaration that it has no obligation to reimburse GEO for approximately $2,000,000 of the medical expenses that GEO paid for Terrin's care. *See* HCC's Original Complaint ¶¶ 16, 19. While HCC does not identify Terrin (an 18 year old with Downs Syndrome) as the Patient, his identity can, nonetheless, be inferred from the care described and the amount in controversy. *Cf.* HCC's Original Complaint ¶¶ 13, 16 *with* GEO's Amended Complaint ¶¶ 10-21, 31. Thus, both the Florida Lawsuit and the Texas Action concern whether HCC breached the Policy by failing to reimburse GEO for amounts that GEO paid for Terrin's care pursuant to the GEO group health plan.

---

[4] *See* GEO's Original Complaint; GEO's Amended Complaint; HCC's Original Complaint.

[5] *See* GEO's Original Complaint ¶¶ 10, 31, 34-41; GEO's Amended Complaint ¶¶ 10, 31, 34-41.

**B. LEGAL ARGUMENT AND AUTHORITIES**

*iv.   The First-to-File Rule Governs Disposition of HCC's Later-Filed Texas Action*

8. Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the two cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule rests on principles of comity and sound judicial administration. *In re Amerijet Intern., Inc.*, 785 F.3d 967, 976 (5th Cir. 2015) (per curiam). The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir.1985). Thus, in the absence of compelling circumstances, the first-to-file rule should be followed. *PDVSA Services, Inc. v. Transeguro C.A. de Seguros*, Civ. A. No. H-09-364. 2010 WL 1994195, *2 (S.D. Tex. May 17, 2010) (citing *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir.1971)).

9. Here, GEO filed the Florida Lawsuit first. Both the Florida Lawsuit and the Texas Action are now pending in federal court. That HCC later removed the Florida Lawsuit makes no difference because the date of filing in state court serves as the relevant benchmark for determining which suit has been filed first. *Sirius Computer Solutions, Inc. v. Sparks*, No. 5:15-cv-698, ___ F.Supp.3d ___, 2015 WL 5821840, *4 (W.D. Tex. Oct. 5, 2015) (collecting cases). *See also In re Amerijet Intern., Inc.*, 785 F.3d at 970, 976 (affirming district court's application of the first-to-file rule and identifying the relevant date for purposes of the rule to be the date the subsequently removed case was filed in state court).

10. Notably, the two cases do not need to be identical for the first-to-file rule to apply, the substantive issues need only substantially overlap. *Save Power Ltd. v. Syntek Fin. Corp.*, 121

F.3d 947, 950 (5th Cir. 1997). Here, the Florida Lawsuit and Texas Action both concern whether or not HCC breached the Policy by refusing to reimburse GEO for amounts paid for Terrin's care pursuant to GEO's group health plan.

11. That GEO subsequently added GEO Correction Holdings, Inc. as a party makes no difference either. Complete identity of parties is not a requirement. *Save Power Ltd.*, 121 F.3d at 951. Where complete relief is available in the first-filed forum and where the parties in the second-filed action could be made parties in the first, identity of the parties in the two suits is irrelevant. *Save Power Ltd.*, 121 F.3d at 951 (explaining *West Gulf Maritime Ass'n*, 751 F.2d at 731 n .5). Here, GEO Correction Holdings, Inc. could have and now has been added as a party to the Florida Lawsuit. Thus, the first-to-file rule governs whether the Texas Action should be permitted to proceed.

### v. *This Court Should Dismiss This Later-Filed Action for Declaratory Relief*

12. Given that the first-to-file rule applies, the question remains what action this Court should take as a consequence. In this case, as the court presiding over the second-filed case, this Court should exercise its discretion to dismiss the Texas Action.

13. As a general rule, once the likelihood of substantial overlap has been demonstrated, the second-filed court no longer has discretion to determine whether the second-filed case should proceed. *Mann Manufacturing, Inc.*, 439 F.2d at 408. Instead, the first-to-file rule vests the first-filed court with that discretion. *Save Power Ltd.*, 121 F.3d at 950.

14. Nonetheless, the second-filed court does have discretion to determine whether the second-filed suit should be dismissed, stayed or transferred in deference to the first-filed suit. *West Gulf Maritime Ass'n*, 751 F.2d at 729-31 & n. 1 ("Our holding and discussion in *Mann* make plain that in this case the district court should have stayed, dismissed, or transferred [the later-filed] action.") (explaining that while considerable authority would have permitted the

5

parties to seek an injunction in the first-filed action prohibiting the second-filed suit from proceeding, "[y]et it seems clearly better for parties to rely on the discretion of the court in the second-filed action to prevent duplicative litigation, rather than to require them to seek an injunction in another court to prevent such duplicative litigation.").

15. To avoid the ills the first-to-file rule was designed to prevent, then, the district court in the second-filed suit may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another court. *West Gulf Maritime Ass'n*, 751 F.2d at 729. In particular, a court may properly dismiss a declaratory action if the same issue is pending in litigation elsewhere. *Id.* Where that is not the case, rather than "outright dismissal," it may be appropriate to stay the second action to allow the first court to address what the best procedure going forward (e.g., transfer of the second suit and consolidation with the first or dismissal of the second suit) should be. *Id.* at 729 & n. 1.

16. Here, the Texas Action seeks declaratory relief concerning the same dispute made the subject of the earlier-filed Florida Lawsuit. The parties and issues are identical. Thus, dismissal would be most appropriate. However, if for any reason dismissal were not warranted, a stay pending resolution of this issue by the Florida federal district court would be appropriate.

Accordingly, GEO respectfully requests that that its Motion to Dismiss or Stay be granted and that the above-referenced cause be dismissed without prejudice or, in the alternative, stayed pending further proceedings in the Florida Lawsuit, and for such other and further relief, at law or in equity, to which GEO may be justly entitled.

### MOTION FOR EXTENSION OR STAY OF ANSWER DEADLINE

17. GEO further requests that the answer deadline, if any, be extended or stayed pending resolution of GEO's Motion to Dismiss or Stay. Specifically, GEO requests that the

answer deadline, if any, be extended until the Court rules on GEO's Motion to Dismiss or Stay, and, if denied, until fourteen (14) days after the Motion to Dismiss or Stay is denied.

18. In the case of a 12(b) motion, Rule 12(a)(4) automatically extends the responsive pleading deadline, if the motion is denied, until fourteen (14) days after the motion is denied. *See* FED. R. CIV. P. 12(a)(4)(A). Ambiguity exists, however, as to whether a motion to dismiss or stay pursuant to the first-to-file rule qualifies as a 12(b) motion. *See, e.g., AGCS Marine Ins. Co. v. American Truck & Trailer Body Co.*, No. CIV S–12–1044, 2013 WL 211196, *2 (E.D. Cal. Jan. 9, 2013) (noting that "[s]ome courts have considered a motion based on [the first-to-file rule] to be a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or for improper venue under Rule 12(b)(3).") (citing, for example, *E–Z–Em, Inc. v. Mallinckrodt*, Civil Action No. 2–09–cv–124, 2010 WL 1378820 (E.D.Tex. Feb.26, 2010)). *See also Armendariz v. Ace Cash Express*, No. 3:13-CV-00590, 2013 WL 3791438, *4 (D. Or. July 19, 2013) (concluding that motion to compel arbitration and dismiss filed in lieu of answer qualified as a "responsive pleading" or unenumerated motion under Rule 12(b)). Accordingly, in an abundance of caution, GEO requests that the answer deadline, if any, be extended or stayed pending resolution of GEO's Motion to Dismiss or Stay, and, if denied, until fourteen (14) days after the Motion to Dismiss or Stay is denied.

19. For the same reasons that give rise to the first-to-file rule, good cause exists to extend or stay the answer deadline pending resolution of GEO's Motion to Dismiss or Stay. *See HEB Grocery Co., LP v. Texas Spice Co., Inc.*, No. 05-ca-1044, 2006 WL 509246, *1-*2 (Feb. 16, 2006) (granting motion to extend answer deadline pursuant to FED. R. CIV. P. 6(b)(1) and staying answer deadline until first-filed court ruled on pending motion to dismiss). *See also* infra paragraph 20.

20. Indeed, even courts that consider motions to stay to be outside the ambit of Rule 12(b), nevertheless, regard such motions as timely filings properly considered before the filing of an answer. *G.T.G. Const. Co., Inc. v. Goel Services, Inc.*, Civ. A. No. 12-1129, 2012 WL 3860590, *2 (D. D.C. Sept. 5, 2012) (quoting with approval 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1360 (3d ed. 2006) ("A motion to stay also is not within the ambit of the defenses enumerated in Rule 12(b). Nonetheless, relying on their inherent power, federal courts often consider these motions in an effort to maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts.")); *Fujitsu Ltd. v. Nanya Technology Corp.*, No. C 06–6613, 2007 WL 484789, *5-*6 (N.D. Cal. Feb. 9. 2007); *Sorensen v. Head USA, Inc.*, No. 06-cv-1434, 2006 WL 6584166, *1 (S.D. Cal. Oct. 13, 2006) (collecting cases). Accordingly, such courts have granted additional time to answer after such motions to stay have been denied even where additional time was not requested prior to the initial answer deadline. *See, e.g., Ross v. Creative Image Technologies, LLC*, No. 3:13-cv-3, 2013 WL 2404234, *1-*2, *4 (W.D. Ky. May 31, 2013); *Fujitsu Ltd.*, 2007 WL 484789, at *5-*6; *G.T.G. Const. Co., Inc.*, 2012 WL 3860590, at 3; *Sorensen*, 2006 WL 6584166, at *1 Accordingly, GEO respectfully requests that that its Motion for Extension or Stay of Answer Deadline be granted and that the answer deadline, if any, be extended or stayed pending resolution of GEO's Motion to Dismiss or Stay, and, if denied, until fourteen (14) days after the Motion to Dismiss or Stay is denied., and for such other and further relief, at law or in equity, to which GEO may be justly entitled.

Respectfully submitted,

BROWN & LEWIS LLP

By: *[signature: Orin Lewis]*

Orin H. Lewis
State Bar No. 00791110
S.D. Tex. No.
David H. Brown
State Bar No. 03109200
S.D. Tex. No. 554
BROWN & LEWIS LLP
2777 Allen Parkway, Suite 977
Houston, Texas 77019
Telephone: 713.528.3700
Facsimile: 713.528.3701

**ATTORNEYS FOR DEFENDANTS THE GEO GROUP, INC. and GEO CORRECTIONS HOLDINGS, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for GEO has conferred with counsel for HCC regarding the relief requested in the Motion to Dismiss or Stay and the Motion for Extension or Stay of Answer Deadline and counsel have been unable to agree thereon.

*[signature]*
Orin H. Lewis

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2016, I served all counsel of record by filing this document with the Court's CM/ECF system.

Thomas E. Ganucheau
BECK REDDEN L.L.P.
1221 McKinney St., Suite 4500
Houston, Texas 77010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

Of Counsel:
Bryon A. Rice
Jim Taylor
BECK REDDEN L.L.P.
1221 McKinney St., Suite 4500
Houston, Texas 77010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

**ATTORNEYS FOR PLAINTIFF
HCC LIFE INSURANCE COMPANY, INC.**

_/s/ Orin H. Lewis_
Orin H. Lewis